# United States District Court

## FOR THE
## NORTHERN DISTRICT OF CALIFORNIA

### VENUE: SAN FRANCISCO

FILED

2015 NOV -5 P 1:42

SUSAN Y. SOONG
CLERK, US DISTRICT COURT
NO. DIST. OF CA.

---

UNITED STATES OF AMERICA,

V.

ROBERT JACOBSEN,

CR 15 518 RS

DEFENDANT(S).

---

# INDICTMENT

Title 18 U.S.C. § 1343 – Wire Fraud; Title 18 U.S.C. § 1957 – Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity; Title18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461(c) – Criminal Forfeiture

A true bill.

_____ Foreman

Filed in open court this _5th_ day of

_November, 2015_

_L. Slott_

Clerk

Bail, $ _no bail arrest warrant_

1-mon

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT
☐ SUPERSEDING

─── **OFFENSE CHARGED** ───

18 U.S.C. § 1343 – Wire Fraud; 18 U.S.C. § 1957 – Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity; 18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461 (c) – Criminal Forfeiture

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:   SEE ATTACHED FOR PENALT~~~~

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

*FILED*
*2015 NOV ~~*
*~S P I: 42*
*SUSAN Y. SOONG*
*CLERK, U.S. DISTRICT COURT*
*NO. DIST. OF CA.*

─── **DEFENDANT - U.S** ───

▶ ROBERT JACOBSEN

DISTRICT COURT NUMBER

CR  15  518

─── **PROCEEDING** ───

Name of Complaintant Agency, or Person (& Title, if any)

Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY   ☐ DEFENSE

SHOW DOCKET NO. }

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO. }

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under }

Name and Office of Person Furnishing Information on this form   BRIAN STRETCH

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   Benjamin Kingsley

─── **DEFENDANT** ───

**IS *NOT* IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

} ☐ Federal ☐ State

Has detainer been filed?  ☐ Yes  ☐ No
} If "Yes" give date filed

**DATE OF ARREST** ▶   Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** ▶   Month/Day/Year

☐ This report amends AO 257 previously submitted

─── **ADDITIONAL INFORMATION OR COMMENTS** ───

PROCESS:
☐ SUMMONS   ☐ NO PROCESS*   ☒ WARRANT      Bail Amount: no bail

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance

*\* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment*

Defendant Address:

Date/Time:               Before Judge:

Comments:

<u>PENALTY SHEET ATTACHMENT</u>

<u>Counts One through Thirteen</u>:

        18 U.S.C. § 1343 – Wire Fraud

Maximum penalties:  20 years of imprisonment (18 U.S.C. § 1343)
                           $250,000 fine or twice gross gain or loss (18 U.S.C. § 3571(b)(3))
                           3 years of supervised release (18 U.S.C. § 3583(b)(2))
                           $100 special assessment (18 U.S.C. § 3013)

<u>Counts Fourteen through Twenty-Two</u>:

        18 U.S.C. § 1957 – Engaging in Monetary Transactions
                in Property Derived from Specified Unlawful Activity

Maximum penalties:  10 years of imprisonment (18 U.S.C. § 1957(b)(1))
                           $250,000 fine or twice value of criminally derived property
                               involved in transaction (18 U.S.C. §§ 1957(b)(2) 3571(b)(3))
                           3 years of supervised release (18 U.S.C. § 3583(b)(2))
                           $100 special assessment (18 U.S.C. § 3013)

1  BRIAN J. STRETCH (CABN 163973)
   Acting United States Attorney

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11  UNITED STATES OF AMERICA,              )   CASE NO.
                                           )
12          Plaintiff,                     )   VIOLATIONS: 18 U.S.C. § 1343 – Wire Fraud; 18
                                           )   U.S.C. § 1957 – Engaging in Monetary Transactions
13      v.                                 )   in Property Derived from Specified Unlawful
                                           )   Activity; 18 U.S.C. § 981(a)(1)(C) & 28 U.S.C.
14  ROBERT JACOBSEN,                       )   § 2461(c) – Criminal Forfeiture
                                           )
15          Defendant.                     )   SAN FRANCISCO VENUE
                                           )
16  _____)

17                          I N D I C T M E N T

18  The Grand Jury charges:

19                       Introductory Allegations

20  At all times relevant to this Indictment:

21      1.      Defendant Robert JACOBSEN resided in California.

22      2.      "American Home Mortgage Corporation" ("AHMC") was a subsidiary of "American

23  Home Mortgage Investment Corporation" ("AHMIC").   AHMC was incorporated in New York.

24  AHMC conducted business under various names, including "American Brokers Conduit" ("ABC").

25  Under the name ABC, AHMC operated, among other places, in the Northern District of California. As

26  ABC, AHMC originated residential mortgage loans secured by liens on real property.   These liens were

27  recorded in the county recorder offices of the counties in which the real property was located.

28  AHMC/ABC went bankrupt in 2007.   In many cases, both before and after the bankruptcy, other

    INDICTMENT

1  financial institutions purchased loans originated by AHMC/ABC, along with the liens that secured these
2  loans.

3       3.      "American Brokers Conduit Corporation" ("ABC Corp.") was a company controlled by
4  JACOBSEN.  It was incorporated in New York.  It had no legal relationship with ABC, AHMC, or
5  AHMIC.  ABC Corp. did not originate mortgage loans, nor did it own loans originated by other
6  mortgage servicers.

7       4.      Bank of America, Chase Bank, and Umpqua Bank were financial institutions, as that term
8  is defined in Title 31, United States Code, Section 5312, the deposits of which were insured by the
9  Federal Deposit Insurance Corporation.

10      5.      Travis Credit Union was a financial institution, as that term is defined in Title 31, United
11  States Code, Section 5312, the deposits of which were insured by the National Credit Union
12  Administration.

13      6.      Belize Bank International LTD ("Belize Bank International") was a foreign bank, as that
14  term is defined in Title 12, United States Code, Section 3101.

15                              The Scheme to Defraud

16      7.      Beginning at a date unknown, but no later than October 2012, and continuing through a
17  date unknown but at least as late as October 2013, JACOBSEN knowingly devised, intended to devise,
18  and carried out a scheme and artifice to defraud and to obtain money and property, by means of
19  materially false and fraudulent pretenses, representations, and promises, and by omissions and
20  concealment of material facts, which scheme is described further below.

21      8.      As part of the scheme to defraud, JACOBSEN obtained title to homes that secured
22  mortgage loans that had been originated by ABC, including at least one home located in San Francisco,
23  California, and another located in Danville, California.  The owners of these homes still owed
24  substantial amounts of money on their mortgage loans.  JACOBSEN obtained title to these homes by
25  representing to the homeowners or their representatives that the mortgage lien on their home was invalid
26  and that JACOBSEN would, after obtaining title to the home from them, remove the lien and then sell
27  the home at market value, while making some payment to the original home owner.

28      9.      JACOBSEN placed title to these homes in the name of shell companies that he controlled
INDICTMENT                                    2

1  directly or through others.

2      10.   JACOBSEN initiated fraudulent lawsuits designed to give the appearance that the

3  mortgage liens on the homes to which he had obtained title were invalid.  To accomplish these

4  fraudulent lawsuits, he hired an attorney, N.B., to sue ABC Corp., the company that he had created and

5  controlled, and directly or through N.B., falsely claimed that the mortgage liens on the homes were

6  invalid.  JACOBSEN, directly or through an individual named P.T., hired attorneys to represent ABC

7  Corp. in these lawsuits.  At JACOBSEN's direction, ABC Corp. agreed to stipulated judgments

8  purporting to invalidate the mortgage liens on these homes that had been originated by the real ABC.

9  These judgments were signed by all parties and approved by the courts overseeing the lawsuits.

10 JACOBSEN, directly or through the attorneys, fraudulently omitted to inform the courts that the ABC

11 Corp. that was a party to the lawsuit had not actually originated the mortgages on the homes, nor did it

12 own or have any legal interest in the mortgages on the homes.  JACOBSEN also fraudulently omitted to

13 inform the courts that he controlled the entities on both sides of the lawsuits.

14     11.   JACOBSEN, directly or through others, recorded the fraudulently obtained stipulated

15 judgments from these lawsuits with the county recorder's offices of the counties in which the homes

16 were located, thus falsely giving the appearance that the mortgage liens on the homes had been

17 invalidated.

18     12.   JACOBSEN then sold the homes.  As a result of JACOBSEN's fraudulent lawsuits, title

19 reports on the homes showed that the liens that had been recorded by ABC were no longer valid, and

20 thus purchasers of the homes were not aware that there were still liens on the homes securing substantial

21 mortgage loans.  In selling the homes, JACOBSEN fraudulently omitted to inform the buyers of the

22 homes that there were still liens on the homes securing substantial mortgage loans.  JACOBSEN kept

23 the majority of the proceeds from the sale of the homes for himself, after paying fees to the attorneys,

24 real estate agents, and others who had aided in the purchases, lawsuits, and sales involving the homes.

25 He did not pay back the loans that had been originated by ABC.  Funds obtained through the fraudulent

26 scheme were funneled through banks that received funding from the United States Department of the

27 Treasury's Troubled Asset Relief Program ("TARP").

28     13.   JACOBSEN concealed and hid, and caused to be concealed and hidden, the acts done and

INDICTMENT                                   3

the purpose of the acts done in furtherance of the scheme, in part by:

      a)     using various nominees and nominee corporate entities to purchase and sell the homes, and thus serve as plaintiffs in his fraudulently orchestrated lawsuits.

      b)     using other individuals to incorporate and send emails on behalf of ABC Corp.;

      c)     concealing from the attorneys, real estate agents, home owners, judicial officers, and other individuals that he controlled the entities on both sides of the fraudulent lawsuits, and that the ABC Corp. that was a defendant in the lawsuits had not actually originated the loans; and

      d)     transferring the proceeds of the fraud through the bank accounts of several entities and through a bank account in Belize to obscure the source of the funds.

COUNTS ONE THROUGH THIRTEEN:  (18 U.S.C. § 1343 – Wire Fraud)

     14.     The factual allegations in paragraphs 1 through 13 are re-alleged and incorporated herein as if set forth in full.

     15.     Beginning at a date unknown, but no later than October 2012, and continuing through a date unknown but at least as late as October 2013, in the Northern District of California and elsewhere, the defendant,

ROBERT JACOBSEN,

did knowingly and with the intent to defraud devise and execute, and attempt to execute, a material scheme and artifice to defraud, by means of materially false and fraudulent pretenses, representations, and promises, and by omissions and concealment of material facts.

//
//
//
//
//
//
//
//
//

INDICTMENT                 4

Execution of the Scheme

16.     On or about the dates set forth in the separate counts below, in the Northern District of California and elsewhere, for the purpose of executing the scheme and artifice referred to above, and attempting to do so, the defendant,

ROBERT JACOBSEN,

did knowingly transmit and cause to be transmitted the following writings, signs, signals, pictures, and sounds in interstate commerce by means of wire, radio, and television communications:

| COUNT | DATE | ITEM WIRED |
|---|---|---|
| 1 | 10/9/2012 | Email from JACOBSEN to P.T. |
| 2 | 11/6/2012 | Email from P.T. to JACOBSEN |
| 3 | 11/7/2012 | Email from P.T. to attorney A.B. |
| 4 | 11/12/2012 | Email from attorney A.B. to P.T. |
| 5 | 12/27/2012 | "Substitution of Trustee and Deed of Reconveyance" recorded by CeRTNA electronic recording system, re-conveying lien from Altec Properties on property in Danville, California |
| 6 | 12/27/2012 | "Grant Deed" recorded by CeRTNA electronic recording system, conveying property in Danville, California from CB Equities to Windeler Development |
| 7 | 12/27/2012 | Wire transfer of $463,000 from Old Republic Title Company to Altec Properties |
| 8 | 9/23/2013 | Wire transfer of $140,582.41 from North American Title Company to Bay Ridge Properties |
| 9 | 9/25/2013 | Wire transfer of $10,000 From Bay Ridge Properties to G.V. |
| 10 | 9/25/2013 | Wire transfer of $5,000 from Bay Ridge Properties to R.F. |
| 11 | 10/10/2013 | Wire transfer of $1,052,876.71 from North American Title Company to Bay Ridge Properties |
| 12 | 10/11/2013 | Wire transfer of $56,000 from Bay Ridge Properties to G.V. |
| 13 | 10/11/2013 | Wire transfer of $30,000 from Bay Ridge Properties to R.F. |

Each in violation of Title 18, United States Code, Section 1343.

COUNTS FOURTEEN THROUGH TWENTY-TWO:          (18 U.S.C. § 1957) – Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity)

17.     The factual allegations in paragraphs 1 through 16 are re-alleged and incorporated herein as if set forth in full.

18.     Among other transactions, on the dates set forth in the separate counts below, in the Northern District of California and elsewhere, the defendant,

ROBERT JACOBSEN,

did knowingly engage in a monetary transaction by and through a financial institution, in and affecting

INDICTMENT                                                    5

interstate and foreign commerce, in criminally derived property of a value greater than $10,000, as set

forth below, such funds having been derived from the specified unlawful activity of wire fraud:

| COUNT | DATE | FINANCIAL TRANSACTION |
|-------|------|----------------------|
| 14 | 12/28/2012 | Cashier's check of $450,000 deposited into JACOBSEN's Travis Credit Union account ending in -64-50 |
| 15 | 7/19/2013 | Wire of $40,000 from JACOBSEN's Travis Credit Union account ending in -64-50 to a Belize Bank International account ending in -7648 |
| 16 | 8/12/2013 | Wire of $209,000 from JACOBSEN's Travis Credit Union account ending in -64-50 to a Belize Bank International account ending in -7648 |
| 17 | 10/16/2013 | Wire of $850,000 from Bay Ridge Properties' Bank of America account ending in -2791 to a Belize Bank International account ending in -7648 |
| 18 | 11/7/2013 | Wire of $96,000 from Bay Ridge Properties' Bank of America account ending in -2791 to a Belize Bank International account ending in -7648 |
| 19 | 11/21/2013 | Wire of $40,000 from a Belize Bank International account ending in -7648 to an Umpqua Bank account ending in -6047 |
| 20 | 3/25/2014 | Wire of $600,000 from a Belize Bank International account ending in -7648 to an Umpqua Bank account ending in -6047 |
| 21 | 6/20/2014 | Wire of $118,000 from an Umpqua Bank account ending in -6047 to "Quality Power & Sail" |
| 22 | 7/2/2014 | Deposit of $436,037.28 into JACOBSEN's Travis Credit Union account ending in -64-50 |

FORFEITURE ALLEGATION:     (18 U.S.C. §§ 981(a)(1)(C), 982(a), & 28 U.S.C. § 2461(c) –
                           Criminal Forfeiture)

19.     All of the allegations contained in this Indictment are re-alleged and by this reference

fully incorporated herein for the purpose of alleging forfeiture pursuant to the provisions of Title 18,

United States Code, Sections 981(a)(1)(C) and 982(a), and Title 28, United States Code, Section

2461(c).

20.     Upon a conviction for the offenses alleged in Counts One through Twenty-Two of this

Indictment, the defendant,

ROBERT JACOBSEN,

shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C), 982(a), and 28 U.S.C. § 2461(c)

all property constituting, and derived from, proceeds the defendant obtained directly and indirectly, as

the result of those violations.

21.     If any of the aforementioned property, as a result of any act or omission of defendant –

a.     cannot be located upon the exercise of due diligence;

INDICTMENT                                        6

1       b.      has been transferred or sold to, or deposited with, a third person;

2       c.      has been placed beyond the jurisdiction of the Court;

3       d.      has been substantially diminished in value; or

4       e.      has been commingled with other property that cannot be divided without difficulty;

5  any and all interest the defendant has in other property shall be vested in the United States and

6  forfeited to the United States pursuant to 21 U.S.C. § 853, as incorporated by 18 U.S.C. § 982(b)(1).

7       All in violation of Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code,

8  Section 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure.

9  DATED:                                          A TRUE BILL

10  Nov. 5, 2015

11                                                  _____
                                                    FOREPERSON
12

13  BRIAN J. STRETCH
    Acting United States Attorney
14

15

16  DAVID R. CALLAWAY
    Chief, Criminal Division
17

18

19  (Approved as to form: _____ )
                          AUSA KINGSLEY
20

21

22

23

24

25

26

27

28

INDICTMENT                              7