IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>    v.<br>ROBERT JACOBSEN,<br>    Defendant. | Case No. 15-cr-00518-MMC-1<br><br>**ORDER DENYING WITHOUT PREJUDICE GOVERNMENT'S MOTION REGARDING ATTORNEY-CLIENT AND WORK PRODUCT PRIVILEGES** |

Before the Court is the government's "Motion . . . Regarding Attorney-Client and Work Product Privileges and Attorney Alla Barbalat," filed June 20, 2017. Having read and considered the papers filed in support thereof, the Court rules as follows.

In the instant motion, the government states it has served a "trial subpoena for testimony" on Alla Barbalat ("Barbalat") (see Pl.'s Mot. at 1:5-6), an attorney who represented American Brokers Conduit Corporation ("ABC Corp.") in two cases the government contends were part of a fraudulent scheme devised by the above-named defendant, and who, according to the government, has "indicated that she intends to assert that her communications in connection with her representation of ABC Corp. are privileged, absent a court order declaring otherwise" (see id. at 1:6-8). Relying on the "crime-fraud exception" (see id. at 1:8-9), the government seeks an order finding "all documents and communications (both oral and written) made, prepared, or received by . . . Barbalat in connection with her representation of [ABC Corp.] or in connection with [the above-referenced two legal proceedings] are not protected by the attorney-client or work product privileges," as well as an order directing Barbalat to produce to the government "any documents related to the above" (see id. at 14:2-7).

The government, however, does not contend or otherwise demonstrate that it has served on Barbalat a subpoena duces tecum for production of the above-referenced documents, nor has the government filed proof that it served the instant motion on Barbalat. Consequently, there is no showing that Barbalat has received notice of the instant motion or that the government is seeking relief beyond the scope of the subpoena directing her to appear as a witness at trial. By contrast, the order issued by Magistrate Judge Jacqueline Scott Corley, which the government cites for that court's application of the crime-fraud exception based on similar facts, was filed after a subpoena duces tecum had been served and the attorney had filed a motion to quash. (See id. Ex. A.)

Further, to the extent the government may be relying on a theory of waiver, the government's assertion that the individual who the government states acted as a representative of ABC Corp. for purposes of consulting with Barbalat "does not oppose this motion" (see Pl.'s Mot. at 12:20-21), is insufficient, as there is no showing that such individual has the legal authority to waive the attorney-client privilege, see Commodity Futures Trading Comm'n v. Weintraub, 471 U.S. 343, 348-49 (1985) (holding "power to waive" privilege is "normally exercised by [corporation's] officers and directors").[1]

Accordingly, the motion is hereby DENIED without prejudice.

**IT IS SO ORDERED.**

Dated: June 27, 2017

MAXINE M. CHESNEY
United States District Judge

---

[1] Although the government has offered evidence that ABC Corp. is incorporated in the State of New York and currently is "inactive" by reason of a "dissolution by proclamation" (see id. Ex. I), the government has not shown the privilege no longer exists. See Official Committee v. Moran, 802 F. Supp. 947, 948-50 (N.D. Ill. 2011) (observing "weight of authority" provides "attorney privilege does not survive the death of the corporation"); see also D&W Central Station Alarm Co. v. Copymasters, Inc., 471 N.Y.S. 2d 464, 464-65 (Civ. Ct. 1983) (explaining that where New York dissolves "tax delinquent" corporations by "proclamation," proclamation can be "annul[ed]" by corporation's paying outstanding taxes).