IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ROBERT JACOBSEN,<br>Defendant. | Case No. 15-cr-00518-MMC-1<br><br>**ORDER DENYING DEFENDANT'S MOTION TO REVERSE PLEA AGREEMENT AND SET ASIDE INDICTMENT**<br><br>Re: Dkt. No. 158 |

On July 19, 2017, defendant, pursuant to a plea agreement, pled guilty to Counts Seven and Twelve of the Indictment,[1] both said counts alleging "Wire Fraud" in violation of 18 U.S.C. § 1343 (see Indictment at 4:10), and, in particular, "a scheme to defraud involving real estate" (see Plea Agreement ¶ 2). Now before the Court is defendant Robert Jacobsen's Motion, filed pro se on April 16, 2018, "to Reverse Plea Agreement and Set Aside Indictment." Having read and considered the motion, the Court rules as follows.

Defendant first argues his former counsel of record was ineffective in not moving to set aside the Indictment, and by allegedly not advising defendant, before he pleaded guilty, that such a motion could be filed. According to defendant, the motion could have been based on a showing that government witnesses knowingly misled the grand jury to believe American Brokers Conduit ("ABC"), the entity identified as the lender on the deeds of trust underlying the charges in the instant case, was a corporation, and that,

---

[1] Under the plea agreement, the government will move to dismiss the remaining twenty counts at the time of sentencing. (See Plea Agreement ¶ 14.)

had the grand jurors been advised that ABC is not registered as a corporation, he would not have been indicted.[2]

The Indictment itself, however, contradicts defendant's argument that the grand jury was misled, as the grand jury never found ABC was the corporate lender, but, rather, that the lender was American Home Mortgage Corporation ("AHMC"), which entity "conducted business under various names, including . . . ABC." (See Indictment at 1:22-27.)[3] Further, to the extent defendant points out that the New York Secretary of State has no record of AHMC's having registered ABC as a fictitious business name, defendant's reliance thereon is misplaced, as such registration is only required when a corporation uses the fictitious name when conducting business in the State of New York, see N.Y. Gen. Bus. § 130,[4] whereas, here, the grand jury found AHMC, at the time it originated the mortgage loans relevant to the charges in the Indictment, was "operat[ing]" under the name ABC in the State of California (see Indictment ¶ 2).[5] In sum, any motion to set aside the indictment on the grounds set forth by defendant in the instant motion would have been denied, and, consequently, defendant has failed to show his prior counsel was ineffective. See Rupe v. Wood, 93 F.3d 1434, 1445 (9th Cir. 1996) (holding "the failure to take a futile action can never be deficient performance").

---

[2] Defendant contends that if the entity originating the loan is not "identifiable," the deed of trust is "void ab initio." (See Def.'s Mot. at 3:4-8.) Defendant appears to take the position that if ABC is not registered as a corporation, it is not identifiable, thus rendering the deed of trust void.

[3] Defendant acknowledges AHMC is registered in New York as a corporation. (See Def.'s Mot. Ex. 11.)

[4] Under § 130, a corporation may not "carry on or conduct or transact business in this state [New York] under any name or designation other than . . . its real name," unless it "file[s] . . . in the office of the secretary of state a certificate setting forth the name or designation under which business is carried on or conducted or transacted." See id.

[5] Defendant does not contend AHMC failed to comply with California law, which requires a corporation that has its "principal place of business" in another state, and which "regularly transacts business in this state [California] for profit under a fictitious business name," to file a "fictitious business statement" with the Clerk of Sacramento County. See Cal. Bus. & Prof. Code §§ 17902, 17910, 17915.

Defendant next argues his prior counsel was ineffective because he allegedly did not provide defendant with sufficient time to review the plea agreement, did not confirm defendant understood the terms of the plea agreement and the consequences of pleading guilty, and did not fully discuss with him possible defenses to the charges. Defendant, however, has submitted no declaration to support such assertions, and, more importantly, at the hearing at which he pleaded guilty, he stated under oath that he did have sufficient time to review the plea agreement (see Transcript of Proceedings ("Tr."), July 19, 2017, at 17:11-17, 40:7-9), that he understood the terms of the plea agreement and had no questions about the plea agreement (see id. at 40:10-12, 42:10-16), and that he had enough time to, and did, discuss with counsel any possible defenses he might have, not only to the offenses charged in Counts Seven and Twelve, but to all of the offenses charged in the Indictment (see id. at 40:13- 41:5, 51:6-22). As defendant's sworn responses "at the plea colloquy carry a strong presumption of truth," see Muth v. Fondren, 676 F.3d 815, 821 (9th Cir. 2012), and defendant has made no showing to overcome such presumption, this additional argument likewise is unpersuasive.

Lastly, defendant asserts his prior counsel advised him that if he did not plead guilty and if the jury convicted him, he could "possibly get up to 20 years" as a sentence, a statement defendant characterizes as a "threat" that induced him to enter into the plea agreement. (See Def.'s Mot. at 22:6-8.) Again, defendant's argument is unavailing. A defendant contemplating a change of plea is entitled to know the potential consequences of proceeding to trial, and "counsel have a duty to supply criminal defendants with necessary and accurate information." See Iaea v. Sunn, 800 F.2d 861, 865 (9th Cir. 1986). Indeed, consistent with the information defendant received from his prior counsel, the maximum twenty-year sentence, were defendant to be convicted at trial, was set forth in the plea agreement and fully discussed by the Court at the plea colloquy, as well as acknowledged by defendant at that time. (See Plea Agreement ¶ 1; Tr. at 19:18 - 20:7 (explaining twenty-year sentence "is not necessarily the sentence you would receive, but it's the most anyone could receive").) Were defendant's prior counsel

1 to have described defendant's exposure other than accurately, such advice may well
2 have constituted ineffective assistance. See Doganiere v. United States, 914 F.2d 165,
3 168 (9th Cir 1990) (holding "gross mischaracterization of the likely outcome of [the] case"
4 constitutes ineffective assistance of counsel); see, e.g., Iaea, 800 F.2d at 863, 865
5 (finding defense counsel's performance deficient where defendant received life term of
6 imprisonment after having been advised by counsel that "the chance of his getting an
7 extended sentence was 'almost zero'"). Consequently, this further argument also fails.

Accordingly, for the reasons stated above, defendant's motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated: April 23, 2018

MAXINE M. CHESNEY
United States District Judge