United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ROBERT JACOBSEN,<br>Defendant. | Case No. 15-cr-00518-MMC-1<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 161 |

By order filed April 23, 2018, the Court denied defendant Robert Jacobsen's motion, filed pro se on April 16, 2018, "to Reverse Plea Agreement and Set Aside Indictment" (hereinafter, "April 16 Motion"). Now before the Court is defendant's Motion, filed pro se on May 14, 2018, "for Leave to File Motion for Reconsideration of Order Denying Motion to Reserve Plea Agreement and Set Aside the Indictment" (hereinafter, "May 14 Motion"), along with a proposed "Motion for Reconsideration." Having read and considered the papers filed by defendant, the Court rules as follows.

On July 17, 2017, defendant, pursuant to a plea agreement, pleaded guilty to Counts Seven and Twelve of the Indictment, both said counts alleging "Wire Fraud." In the April 16 Motion, defendant argued he was entitled to withdraw his guilty plea because his former attorney of record provided, according to defendant, ineffective assistance of counsel by neither filing a motion to set aside the Indictment nor advising him such a motion could be filed. In particular, defendant argued, grounds existed to support such a motion because the grand jury was misled to believe that American Brokers Conduit ("ABC"), the entity identified as the lender on the deeds of trust underlying the wire fraud charges, was a corporation.

In its April 23 order, the Court found the grand jury had not been misled, as the Indictment identifies American Home Mortgage Corporation ("AHMC"), not ABC, as the corporate lender, and further states AHMC did business under the name ABC. The Court additionally found defendant's reliance on the State of New York's fictitious business name filing requirements was unavailing, in light of the grand jury's finding that AHMC did business under the name ABC in the State of California, and there was no showing that AHMC had not complied with California law pertaining to the filing of fictitious business name statements.

Defendant now moves for reconsideration on the basis of evidence showing AHMC did not comply with California law requiring it to file a fictitious business name statement indicating it was doing business in California under the name ABC. (See May 14 Motion at 1:16-18; Jacobsen Decl. ¶¶ 5-7, Exs. 13-15.) As set forth below, defendant has failed to show reconsideration is warranted.

Under the Local Rules of this District, a party seeking reconsideration of an interlocutory order must show (1) "a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order" and that "in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order"; (2) "[t]he emergence of new material facts or a change in law occurring after the time of such order"; or (3) "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." See Civil L. R. 7-9(b); see also Crim. L.R. 2-1 (providing Civil Local Rules generally apply to criminal actions).

In support of the instant motion, defendant relies on the first of the above-quoted circumstances. Defendant has not, however, asserted that, at the time the Court denied his initial motion, defendant, despite the exercise of reasonable diligence, did not know of AHMC's non-compliance with California's requirements. Indeed, defendant acknowledges such information was available to the public years ago. (See Mot. for Reconsideration at 2:14-15 (stating, "[p]er research done by attorney Michael Yesk

2

["Yesk"] in 2012, there was no dba for ABC in any county in all of the United States").)[1]

Moreover, even assuming defendant did not know of, or in the exercise of reasonable diligence could not have discovered, AHMC's non-compliance with California's requirements, defendant fails to show his prior counsel was ineffective by not filing, or advising defendant he could file, a motion to set aside the Indictment or otherwise base a defense on such non-compliance. As defendant explains in the Motion for Reconsideration, his theory is that his counsel should have argued that the subject deeds of trust were "always void" in light of AHMC's non-compliance with California law requiring it to file a fictitious business name statement, and, consequently, defendant could not have committed wire fraud, as neither AHMC nor any other entity that claimed an interest in those deeds of trust could have been "defrauded" by the alleged scheme to have them voided by a court. (See Mot. for Reconsideration at 11:5-12.)

Contrary to defendant's argument, however, if a corporation enters into contracts in California using a fictitious business name it has not registered, such contracts are not void; rather, the "sole penalty" for a failure to register a fictitious business name "is a bar from maintaining an action on contracts made in the fictitious business name until the statement is filed." See Templeton Action Committee v. County of San Luis Obispo, 228 Cal. App. 4th 427, 432 (2014) (citing Cal. Bus. & Prof. Code § 17918). In other words, an entity, such as AHMC, that fails to register its fictitious business name "may enter into contracts and transactions in the fictitious business name, but may not maintain actions on them," unless and until such failure is corrected. See 9 Witkin, Summary 11th Partn. § 11 (2017) (further observing "lack of compliance merely abates [an] action") (citing cases).

In sum, defendant has failed to show his prior counsel was ineffective. See Rupe v. Wood, 93 F.3d 1434, 1445 (9th Cir. 1996) (holding "the failure to take a futile action

---

[1] In his April 16 Motion, defendant states he met Yesk in 2012 and describes him as an attorney who "specialized in litigation against lenders for wrongful foreclosure." (See April 16 Motion at 1:18 - 2:1.)

3

can never be deficient performance").

Accordingly, defendant's motion for leave to file a motion for reconsideration is hereby DENIED.

**IT IS SO ORDERED.**

Dated: May 22, 2018

MAXINE M. CHESNEY
United States District Judge