IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ROBERT JACOBSEN,<br>Defendant. | Case No. 15-cr-00518-MMC-1<br><br>**ORDER DENYING DEFENDANT'S MOTION TO WITHDRAW PLEA OF GUILTY**<br><br>Re: Dkt. No. 163 |

On July 17, 2017, defendant Robert Jacobsen, pursuant to a Plea Agreement, pleaded guilty to Counts Seven and Twelve of the Indictment. At a Status Conference conducted April 11, 2018, the Court granted defendant's request to file pro se a motion to withdraw his guilty plea.[1] Thereafter, by order filed April 23, 2018, the Court denied defendant's motion, filed pro se on April 16, 2018, "to Reverse Plea Agreement and Set Aside Indictment" (hereinafter, "April 16 Motion"), and, by order filed May 22, 2018, denied defendant's motion, filed pro se on May 14, 2018, "for Leave to File Motion for Reconsideration of Order Denying Motion to Reverse Plea Agreement and Set Aside the Indictment."

Now before the Court is defendant's motion, filed pro se on June 7, 2018, "to Withdraw Plea of Guilty" (hereinafter, "June 8 Motion"). As the June 8 Motion seeks, again, an order allowing defendant to withdraw his guilty plea, the Court construes the

---

[1] At all times in the above-titled action, defendant has been represented by counsel. The reasons for the Court's granting defendant's request are set forth on the record in camera.

motion as a second request for leave to file a motion for reconsideration of the denial of the April 16 Motion. Having read and considered the papers filed by defendant, the Court rules as follows.

In his June 7 Motion, defendant argues his guilty plea was not voluntary for the asserted reason that, at the hearing at which he changed his plea, "he was experiencing significant difficulties with attention, concentration, memory, and decision-making, to the point where he was relying on his attorney to tell him what to do, rather than making an informed decision for himself." (See June 7 Motion at 5:10-13.) In support of such assertion, plaintiff offers a declaration, in which he states he "[doesn't] remember agreeing to the plea agreement and [doesn't] recall much about what was said in court," which condition he attributes to "medications [he] was taking" (see Jacobsen Decl. ¶ 3), specifically, various prescriptions and an over-the counter allergy pill (see id. ¶ 9). Additionally, defendant has submitted letters from three physicians, one of whom opines the medications defendant states he was prescribed would, if combined, have adverse effects on a person's cognitive abilities (see Jacobsen Decl. Ex. 1), and the remaining two state that certain of those medications may affect cognitive abilities (see id. Exs. 3, 4).

Under the Local Rules of this District, a party seeking reconsideration of an interlocutory order must show one of the following: (1) "a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order" and that "in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order"; (2) "[t]he emergence of new material facts or a change in law occurring after the time of such order"; or (3) "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." See Civil L. R. 7-9(b); see also Crim. L.R. 2-1 (providing Civil Local Rules generally apply to criminal actions).

//

Here, defendant has not shown that any of the above circumstances pertains. Indeed, defendant acknowledges he was aware of the basis for the instant motion long before the Court ruled on his April 16 Motion (see Jacobsen Decl. ¶ 5 (stating he inquired of his prior counsel whether his asserted inability "to recall much about what was said" at the change-of-plea hearing could support a motion to "reverse the plea agreement")),[2] and although the above-referenced letters are dated after the date on which the Court decided his April 16 Motion, defendant has not shown he could not have obtained those or similar letters prior to that date.

Accordingly, defendant's motion is hereby DENIED on such ground.

Additionally, the Court notes that challenges to the voluntariness of a guilty plea, where based on statements directly contradicted by those made under oath at a plea colloquy, "ordinarily . . . must fail." See Muth v. Fondren, 676 F.3d 815, 821 (9th Cir. 2012) (collecting cases). Here, defendant's statements in support of the instant motion are directly contradicted by his Plea Agreement, which he signed just prior to the plea colloquy, specifically, his statement therein that, "at the time [he] signed the Agreement, [he] was not under the influence of any drug, alcohol, or medicine that would impair [his] ability to understand the Agreement" (see Plea Agreement at ¶ 19; Transcript of Proceedings, July 19, 2017 ("Tr."), at 39:14-21), and, additionally, by his testimony at the plea colloquy, during which, in response to the Court's inquiry, he denied having "take[n] anything before coming to court that might have an alcohol or drug in it either by medication [or] a prescription, that might affect [his] thinking" that day (see Tr. at 17:11-18, 41:13-17).[3]

Further, throughout the plea colloquy, the Court, in an effort to ensure defendant's

---

[2]Defendant's prior counsel's motion to withdraw was granted on October 25, 2017, approximately six months before the Court ruled on the April 16 Motion.

[3]As set forth in the Court's order denying the April 16 Motion, defendant confirmed he understood the terms of the Plea Agreement and had sufficient time to discuss the case with his counsel of record prior to the plea hearing. (See Tr. at 17:11-17, 40:7 - 41:5, 51:6-22.)

1  guilty plea was made knowingly and voluntarily, posed a number of other questions, to
2  each of which defendant provided a clear and appropriate response (see, e.g., Tr. at
3  22:12-16, 24:14-21, 40:4-6, 41:6-12, 41:18-20, 50:19 - 51:1, 61:1-2), and defendant
4  himself initiated and actively participated in a discussion regarding the effect of one of the
5  provisions in the Plea Agreement (see Tr. at 35:23 - 38:3 (discussion among defendant,
6  Court, and both counsel regarding effect of forfeiture provision)).

Under such circumstances, defendant's motion, even if not denied on procedural grounds, would have little likelihood of success on the merits. See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) (holding "representations of the defendant" at plea colloquy "constitute a formidable barrier in any subsequent collateral [challenge] to a plea").

Lastly, defendant is advised that he may not file any additional motions or requests pro se, without first obtaining leave of court to do so.

**IT IS SO ORDERED.**

Dated: June 15, 2018

MAXINE M. CHESNEY
United States District Judge