1  KENNETH H. WINE(#142385)
   Hallinan & Wine
2  345 Franklin Street
   San Francisco, CA  94102
3  Telephone:  (415) 621-2400
   Facsimile: (415) 575-9930
4  email: kenwine@hotmail.com

5  Counsel for ROBERT JACOBSEN

6

7                     IN THE UNITED STATES DISTRICT COURT

8              FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10  UNITED STATES OF AMERICA,              )  CR-15-518 MMC
                                           )
11                        Plaintiff,       )  **DEFENDANT ROBERT JACOBSEN**
                                           )  **OBJECTIONS TO MOTION TO**
12     v.                                  )  **REVOKE**
                                           )
13  ROBERT JACOBSEN,                       )  Date:  August 17, 2018
                                           )  Time: 9:30 a.m.
14                        Defendant.       )
                                           )  Hon. Jacqueline Scott Corley
15

16     **I.     Facts**

17          The government has filed, on two day notice, and less than one week before a contested

18  sentencing before Judge Chesney, a motion to revoke bail based on a fraud for attempting to rent

19  property that Mr. Jacobsen currently owns.  What the government does not explain, in any way, is why

20  it is a violation of Mr. Jacobsen's release condition for him to attempt to rent property he owns.  That

21  is, the release conditions require his to "inform Pretrial Services of the circumstances and details of land

22  transactions  prior  to  commencing  such  activity."  No  "land  transactions"  have  occurred.   If  the

23  government objected to Mr. Jacobsen renting property, all it had to do was so say, instead of bringing

24  this premature motion.

25          In fact, Mr. Jacobsen has just begun the process to find tenants, knowing he will likely be

26  sentenced to prison soon.  To have the property lie fallow, for no reason, makes little sense.

The government recites a litany of bad acts, and then concedes the point. For example, the government lists Mr. Jacobsen running from agents at the time of his arrest in glorious detail, and then failed to mention that Mr. Jacobsen hired an attorney to find out what he was wanted for, and then he drove across the country to turn himself in.  The best the government can say is the Mr. Jacobsen "eventually turned himself in [to San Francisco authorities] on December 21, 2015".   That was about one month after his being aware he was wanted.

The government then goes into detail about the pretrial release conditions, including that Mr. Jacobsen "inform Pretrial Services of the circumstances and details of any current land deals or transactions . . ."  and that Pretrial Services "review and approve any transactions involving property."

First, the government concedes that Mr. Jacobsen has been under Pretrial Release for *three years without any incidents.* Second, it is arguable whether or not any transactions have even taken place, or if Mr. Jacobsen even had an obligation to inform Pretrial Services, since no leases ever occurred.  He was simply trying to rent property he owns.  Once he had tenants who were interested, he would have notified Pretrial Services.  With no leases, there are arguably no transactions to approve.  Whatever the government is trying to prove, all its done is prove it is so anxious to punish Mr. Jacobsen, it will use all its powers to get him.

## A.    The Dangerous Fraud

The government is claiming, apparently, that the public is in danger because Mr. Jacobsen encouraged his proposed tenants to violate the neighborhood housing regulations, which apparently allow renting to a "family", but not individual tenants.  While the government's overwhelming interest in protecting the moral virtues of a gated community deserves admiration, it is ludicrous to claim this is some kind of "economic danger" to the community.  How does renting to non-family members "endanger" the homeowners association?  Perhaps the privileged members of the gated community would be offended to have to live next to strangers – unmarried at that!– living in the same house together.  While this may be a moral burden to more delicate souls, it stretches the imagination to believe this is truly some "economic danger" or evidence of crime.

1      Moreover, there was no fraud to the tenants. They were given disclosure agreements laying

2   out the details of their rental situation and the Notice of Foreclosure. Nothing was hidden. *See.,* Ex. A

3   (Disclosure Agreement for proposed tenants).

4          **II.     Conclusion**

5      Needless to say, there is very little due process in getting one day to respond to an allegation

6   of fraud. Here, there was no fraud, unless, of course, you are upset that unmarried people are allowed

7   to frolic together in a single family house in violation of the rules of decency set by the neighborhood

8   association. It is simply absurd to claim that Mr. Jacobsen cannot rent property he owns or controls.

9   If the government wants to object once he has a tenant who is interested, or even before, all they had to

10  do was call undersigned counsel and an agreement about what to do with the house, its rental, and its

11  eventual sale could have been easily reached. Instead, he is accused of mail fraud, wire fraud, and

12  California property fraud for encouraging proposed tenants to not let the homeowners association know

13  they were not a single family.

14     Sentencing is in less than week. Much work needs to be done to prepare Mr. Jacobsen for

15  the hearing. To interfere with those rights based on this flimsy evidence of "economic danger" seems

16  more than a bit heavy handed.

17     The Court should admonish Mr. Jacobsen not to do anything with the property and order

18  the parties to come up with a plan to rent the property, deal with the notice of default, and negotiate the

19  ultimate sale in order to get money to fund restitution. The defense will be happy to do so.

20

21                                    HALLINAN & WINE

22

23  DATED: August 16, 2018                    /s/ Kenneth H. Wine, Esq
                                             Kenneth H. Wine
24                                           Attorney for Defendant
                                             Robert Jacobsen
25

26