UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br>   Plaintiff,<br> v.<br>ROBERT JACOBSEN,<br>   Defendant. | Case No. 15-cr-00518-MMC-1 (JSC)<br><br>**ORDER OF DETENTION**<br>Re: Dkt. No. 178 |

On November 5, 2015, a grand jury returned an indictment, charging the defendant, Robert Jacobsen, with wire fraud and engaging in monetary transactions derived from a specified unlawful activity. (Dkt. 1.)

Mr. Jacobsen made an initial appearance on December 21, 2015, before the Honorable Nandor J. Vadas, who released Mr. Jacobsen on an unsecured $200,000 bond with conditions. (Dkt. 3, 4, 5.) The bond included a special condition that "Pretrial Services to review and approve any transactions involving property." (Dkt. 5.) Mr. Jacobsen signed and agreed to be bound by the conditions of the bond. On December 28, 2015, Mr. Jacobsen's bail conditions were modified, and a written order added another condition: "[t]he defendant shall inform Pretrial Services of the circumstances and details of any current land deals or transactions as well as any proposed investment activity prior to commencing such activity." (Dkt. 13.) The bond was modified additional times throughout this case, but the conditions regarding property and land transactions were never removed.

On July 19, 2017, Mr. Jacobsen pleaded guilty to one count of wire fraud and one count of engaging in monetary transactions derived from a specific unlawful activity. (Dkt. 136, 138.) He is scheduled to be sentenced on August 22, 2018.

On August 15, 2018, the government filed a written motion pursuant to 18 U.S.C. § 3148(b), to revoke Mr. Jacobsen's release and remand him to custody. (Dkt. 172.) That motion was supported by a sworn declaration of Federal Bureau of Investigation Special Agent David Strange, and eight documents collected by the government. (Dkt. 174.) On August 16, 2018, Mr. Jacobsen filed an opposition to the government's motion with a supporting document. (Dkt. 177.) On August 17, 2018, the parties appeared before this Court for a hearing on the government's motion. Mr. Jacobsen was present and represented by Kenneth Wine. The government was represented by Assistant United States Attorney Benjamin Kingsley.

Because Mr. Jacobsen has pleaded guilty and is awaiting sentencing, he shall be detained "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C. § 3143. Upon consideration of the government's motion and supporting evidence, Mr. Jacobsen's opposition and supporting evidence, the proffers of counsel, and the factors set forth in 18 U.S.C. § 3143, the Court finds that Mr. Jacobsen does not meet that standard.

Specifically, the Court finds that Mr. Jacobsen fraudulently attempted to rent property involved in the underlying case under a fake name. He concealed from the potential renters the history of the property and his indictment and guilty plea in this case related to the property, and affirmatively misstated the likelihood and timing of a foreclosure on the property. The Court also finds that Mr. Jacobsen did not notify Pretrial Services or seek approval for the transaction, and that he had no intention of doing so. The Court therefore finds that he violated the terms of his release. The Court further finds that, given Mr. Jacobsen's repeated motions to withdraw his guilty plea, his history of attempted flight in this case, and the timing of his attempts to obtain money via renting property at the center of his fraudulent scheme using a fake name shortly before his sentencing, that Mr. Jacobsen is a risk of flight. The Court finds that Mr. Jacobsen has not established that there are conditions that can ensure the economic safety of the community from Mr. Jacobsen or ensure his appearance at future court dates.

The Court, therefore, orders Mr. Jacobsen detained. He is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility. Mr.

1  Jacobsen must be afforded a reasonable opportunity to consult privately with counsel.  On order of
2  a court of the United States or on request of an attorney for the government, the person in charge
3  of the corrections facility must deliver Mr. Jacobsen to the United States Marshal for a court

**IT IS SO ORDERED.**

Dated: August 21, 2018

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge