Richard L. Antognini, SBN 075711
LAW OFFICE OF RICHARD L. ANTOGNINI
2036 Nevada City Highway, Suite 636
Grass Valley, California 95645-7700
Telephone:   (916) 295-4896
Email:      rlalawyer@yahoo.com

Attorneys for Defendant
ROBERT JACOBSEN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No.: CR-15-00518-MMC |
| Plaintiff, | |
| vs. | **REPLY BRIEF IN SUPPORT OF SECTION 2255 PETITION** |
| ROBERT JACOBSEN, | |
| Defendant | |

## INTRODUCTION

The Government's opposition to Jacobsen's § 2255 petition comes down to two points—his plea agreement blocks the petition, and his plea agreement undermines any claim of actual innocence. However, the plea agreement should not bar an actual innocence claim, and his arguments about the validity of the deeds of trust are issues of law. Thus, they do not depend on his plea statements.

**ARGUMENT**

**I.     The plea agreement cannot waive an actual innocence claim.**

The Government begins its argument with the plea agreement. Government brief, at pages 12-13. It contends that Jacobsen gave up his right to claim actual innocence. *Ibid.*

It is an open question whether an actual innocence claim can overcome a guilty plea. The Government cites *United States v. Jaquez-Diaz,* 2008 U.S. Dist. LEXIS 124601 (D. Ariz. Nov. 26, 2008), to support its argument the plea bars the claim. Government brief, at page 13. The court in *Jacquez-Diaz* mentioned an actual innocence claim only once, and that claim played no part in its decision. *United States v. Jaquez-Diaz,* 2008 U.S. Dist. LEXIS 124601, at ** 2-4. Rather, the court focused on whether the plea was knowing and voluntary. *Ibid.* It also did not consider the constitutional problems it might face if it held a plea waived any actual innocence claim. *Ibid.*

So, no case the Government cites squarely holds that a plea bars an actual innocence claim. The "actual innocence" rule exists to make sure innocent defendants are not punished for crimes they did not commit. *Bousley v. United States,* 523 U.S. 614, 620 (1998), *citing Teague v. Lane,* 489 U.S. 288, 312 (1989): "[O]ne of the 'principal functions of habeas corpus [is] to assure that no man has been incarcerated under a procedure which creates an impermissible large risk that the innocent will be convicted." An actual innocence claim, if proven, must allow a defendant to overcome a plea.

**REPLY BRIEF IN SUPPORT OF SECTION 2255 PETITION**
**Case No.-CR 15-518 MMC**

The Government helpfully notes that Jacobsen's plea did not apply to claims for ineffective assistance of counsel. Government brief, at pages 12-13. Jacobsen makes such claims in his § 2255 petition. See Ground VI, at ¶¶ 86-90 of the petition.

## II.   Jacobsen did not commit a procedural default in his appeal.

Next, the Government insists Jacobsen cannot raise his actual innocence or other claims because he did not bring them up in his direct appeal. Government brief, at pages 14-15: "Because defendant could have appealed the district court's rejection of his argument that the deeds were void and that invalidated his guilty pleas, and did not, his claims that rely on this argument are procedurally defaulted." Government brief, at page 14: 24-25, page 15: 1.

The Government wants the Court to ignore its position in the direct appeal—Jacobsen had no right to an appeal because he waived it in his plea agreement. See United States v. Jacobsen, opinion of the Ninth Circuit, case no. 18-10335, at page 2 (9th Cir. March 11, 2020). The Ninth Circuit agreed with the Government and dismissed the direct appeal. *Ibid*. Now, the Government insists Jacobsen should have raised the void deed issue in the direct appeal when, according to the Government, he had no right to an appeal. Government brief, at pages 14-15. There is a word for such contradictory positions-estoppel. The Government cannot fault Jacobsen for the issues he presented in his appeal when it successfully contended, he had no right to appeal. Therefore, this Court should hold Jacobsen did not commit a procedural default by not challenging the deeds on appeal.

**REPLY BRIEF IN SUPPORT OF SECTION 2255 PETITION**
**Case No.-CR 15-518 MMC**

### III.    The Government had to prove fraudulent intent.

Wisely, the Government recognizes that money laundering and wire fraud are specific intent crimes. Government brief, at pages 16-17. The required intent is an intent to defraud or cheat: "Here, the government was required to prove the defendant knew the laundered funds were derived from wire fraud." *United States v. Turman,* 122 F.3d 1167, 1169 (9th Cir. 1997); *United States v. Stein,* 37 F.3d 1407, 1410 (9th Cir. 1994). The Government had to prove Jacobsen knew the laundered funds came from fraud. *Ibid.*

As for wire fraud, "[We} therefore overrule our prior cases on this question and hold that wire fraud requires the intent to deceive *and* cheat—in other words, to deprive the victim of money or property by means of deception." *United States v. Miller,* 953 F.3d 1095, 1103 (9th Cir. 2020) (italics in original).

The petition alleges that Jacobsen did not create the supposed "scheme" involving the invalid deeds of trust. Instead, he relied on his attorneys, specifically the Yesk law firm, to advise him. Petition, at ¶ 21. It advised him the deeds of trust were void because they made a non-existent entity the beneficiary. *Ibid.* They also told him he could sue to challenge those deeds. *Ibid.* He relied on that advice. He had no reason to suspect the advice was unsound. *Ibid.* By relying on competent advice from competent lawyers, he lacked any fraudulent intent. Instead, he believed he was acting legally because his lawyers told him so.

The advice of counsel destroys the intent needed to prove wire fraud or money laundering. *United States v. Miller,* 953 F.3d at 1103; *United States v. Turman,* 122

**REPLY BRIEF IN SUPPORT OF SECTION 2255 PETITION**
**Case No.-CR 15-518 MMC**

F.3d at 1169. This lack of intent proves actual innocence because Jacobsen could not have been convicted without fraudulent intent.

It also shows ineffective counsel. His trial counsel should have called members of the Yesk firm to testify at trial on their role. They would have said that they advised Jacobsen the deeds were void, and he, therefore, had proper grounds to attack them.

The Government argues that Jacobsen's statements in his plea prove his fraudulent intent. Government brief, at pages 15-16. But, as set out in the petition, the deeds were void as a matter of law. They came from an entity that did not exist, that had no power to contract. A void deed of trust can have no legal effect. *Yvanova v. New Century Mortgage Corp.,* 62 Cal.4th 919, 927-928 (2016). "Such a contract has no existence whatever. It has no legal entity for any purpose and neither action nor inaction of a party to it can validate it ….' (*Colby v. Title Ins. and Trust Co.* (1911) 160 Cal. 632, 644. As we said of a fraudulent real property transfer in *First Nat. Bank of L. A. v. Maxwell* (1899) 123 Cal. 360, 371 [55 P. 980], 'A void thing is as no thing.'" *Id.,* at 929.

The validity of the deeds did not depend on Jacobsen's admissions. They were void under California law, no matter what Jacobsen said in his plea agreement. The Government often talks about irrelevant arguments. See, e.g., page 16 of the Government brief. But Jacobsen's admissions were irrelevant because they did not decide if the deeds were void.

Finally, Jacobsen 's sentence was based on the alleged losses title companies sustained. The restitution amount depended on the losses as well. The title companies

1

2     sustained losses only because they believed the deeds were valid. But, if they deeds

3     were void, they had no true losses. Jacobsen's sentence and the restitution amount

      should have been reduced.

4     ### IV.     Jacobsen has stated a claim for ineffective assistance of counsel.

5         Under *Strickland v. Washington,* 466 U.S. 668, 687 (1984), a defendant

6     claiming ineffective assistance of counsel has this burden of proof: "First, the

7     defendant must show that counsel's performance was deficient. This requires

8     showing that counsel made errors so serious that counsel was not functioning as the

9     "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant

10    must show that the deficient performance prejudiced the defense. This requires

11    showing that counsel's errors were so serious as to deprive the defendant of a fair

12    trial, a trial whose result is reliable."

13        Jacobsen has established his trial counsel's performance was ineffective. As a

14    matter of law, the deeds of trust on the San Francisco, Danville, and Monterey

15    properties were void because they were issued by an entity that did not exist. This

16    conclusion, as the petition shows, is a matter of common sense and California law.

17    See petition, at ¶¶ 56-75. It is equally evident that the Government could not prove

18    wire fraud or money laundering without showing the deeds were valid. If the deeds

19    were void, Jacobsen had every reason to believe he could challenge them. He would

20    have no fraudulent intent, as required by the statutes. *United States v. Miller,* 953

21    F.3d at 1102-1103.

22        Jacobsen's trial counsel raised the void deed issue at the sentencing hearing,

23    but he should have done far more. He should have counseled his client not to accept

**REPLY BRIEF IN SUPPORT OF SECTION 2255 PETITION**
**Case No.-CR 15-518 MMC**

a guilty plea when the client lacked the required state of mind. He could have consulted with an expert on California mortgage law, as the void deed issue was crucial to Jacobsen's defense. He could have called that expert as a witness but did not. He could have briefed the issue and asked for a hearing to argue it. His actions prejudiced Jacobsen because it deprived him of his best defense against the charges—the fact the deeds were void, and he thus lacked criminal intent.

In addition, trial counsel should not have advised Jacobsen to take a plea that waived his right to appeal. In his appeal, he could have mentioned the state of mind and void deed defenses, but the plea bargain blocked him. These were compelling defenses that showed Jacobsen committed neither money laundering nor wire fraud.

## CONCLUSION

Again, Jacobsen had strong defenses to the wire fraud and money laundering charges. Under California law, the deeds of trust were void. And, he was relying on legal advice, which takes away any criminal intent.

For these reasons, defendant Robert Jacobsen respectfully requests that the Court set an evidentiary hearing on the § 2255 petition and, after that hearing, issue the writ as prayed.

Dated: October 8, 2021                    LAW OFFICE OF
                                          RICHARD L. ANTOGNINI

                                          By: /s/ Richard L. Antognini
                                              Richard L. Antognini
                                              Attorneys for Defendant
                                              ROBERT JACOBSEN

**REPLY BRIEF IN SUPPORT OF SECTION 2255 PETITION**
**Case No.-CR 15-518 MMC**

# CERTIFICATE OF SERVICE

I certify that I electronically filed the preceding Reply Brief in Support of § 2255 petition with the Clerk of the Court for the United States District Court for the Northern District of California by using the District Court's CM/ECF system on October 8, 2021.

I certify that all participants are registered CM/ECF users, and that service of all the above documents will be accomplished by the District Court CM/ECF system.

Dated:  October 8, 2021        LAW OFFICE OF
                               RICHARD L. ANTOGNINI

                               By: /s/ Richard L. Antognini
                                   Richard L. Antognini
                                   Attorneys for Defendant