United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,
Plaintiff,

v.

ROBERT JACOBSEN,
Defendant.

Case No. 15-cr-00518-MMC-1

**ORDER DISMISSING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255; REFERRING MOTION TO COURT OF APPEALS**

Before the Court is defendant Robert Jacobsen's "Motion to Vacate, Set Aside, or Correct Sentence," filed February 25, 2026, pursuant to 28 U.S.C. § 2255. (See Doc. No. 284.)

Prior to the filing of the instant motion, defendant, on June 8, 2021, filed a motion pursuant to § 2255, challenging the same judgment as that challenged by the instant motion. (See Doc. No. 245.) On February 9, 2022, said earlier motion was denied. (See Doc. No. 257.)

Pursuant to 28 U.S.C. § 2255, "[a] second or successive motion must be certified...by a panel of the appropriate court of appeals to contain—(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." See § 2255(h).

To date, defendant has not obtained the requisite certification from the Ninth Circuit Court of Appeals, and, consequently, the Court lacks jurisdiction to hear the

instant motion. See U.S. v. Lopez, 577 F.3d 1053, 1061 (9th Cir. 2009) (holding "[i]f the petitioner does not first obtain [Ninth Circuit's] authorization, the district court lacks jurisdiction to consider the second or successive [§ 2255] application"); see also Harrison v. Ollison, 519 F.3d 952, 962 (9th Cir. 2008) (holding where defendant has previously filed § 2255 motion, such defendant "cannot proceed with a successive § 2255 motion without an order of [the Ninth Circuit Court of Appeals] authorizing th[e] successive petition").

Accordingly, defendant's second § 2255 motion is hereby DISMISSED as successive, and said motion is hereby REFERRED to the Ninth Circuit Court of Appeals for whatever action it deems appropriate. See 9th Cir. R. 22-3(a) (providing "[i]f an unauthorized second or successive section 2254 petition or section 2255 motion is submitted to the district court, the district court may, in the interests of justice, refer it to the court of appeals").

**IT IS SO ORDERED.**

Dated: September 15, 2026

MAXINE M. CHESNEY
United States District Judge